# EXHIBIT D

## CONFIDENTIALITY & FRE 408 AGREEMENT

Overhead Door Corporation ("Overhead Door") and Overhead Garage Door LLC ("OGD") (collectively, the "Parties") wish to engage in privileged and confidential settlement discussions relating to Overhead Door's allegations against OGD, which OGD disputes, of trademark infringement, unfair competition, and other related acts (the "Disputes"). Accordingly, the Parties agree and enter into this Confidentiality & FRE 408 Agreement ("Agreement") as follows:

1. All meetings, discussions, correspondence, or other communications between the Parties, either prior to or after the date this Agreement is signed by both parties (the "Execution Date"), relating to the Parties' efforts to resolve the Disputes between the Parties, shall be treated as conducted in aid of settlement negotiations and are inadmissible to the extent provided by Rule 408 of the Federal Rules of Evidence, Rule 408 of the Texas Rules of Evidence, and applicable case law.

2. Any confidential documents or information exchanged in connection with the settlement negotiations (a) shall not be used for any purpose other than the Disputes or any resulting litigation, and (b) shall not be disclosed or made available by the receiving Party to persons other than the Parties' legal counsel, the Parties' officers and directors, or the Court, to the extent the Disputes result in litigation.

3. This Agreement does not prevent the disclosure of information that was known by the Parties prior to the commencement of settlement discussions, information that is in the public domain, or information that is otherwise made known to the Parties through the discovery process in litigation about the Disputes, if any.

4. All confidential documentation or other materials generated for the purpose of negotiation and provided from counsel for one of the Parties to counsel for the other shall remain the sole and exclusive property of the providing Party and will be returned or destroyed upon request along with all copies of the documents or other material.

5. Neither of the Parties (or their counsel) shall contact any third party (e.g., any third party involved in customer confusion incidents) it learns about from the Opposing Party during these settlement discussions without written pre-approval from such Opposing Party. If such settlement discussions terminate without resolution of the Disputes, such third parties may be contacted and/or interviewed, but only in the presence of, or pursuant to written pre-approval from, counsel for the Opposing Party.

6. This Agreement shall be governed under the laws of the State of Texas, but the Parties agree that this selection of governing law applies only to this Agreement and shall have no bearing on applicable law as to any other matter concerning the Parties including but not limited to any future litigation involving the Parties.

7. This Agreement constitutes the entire agreement concerning this subject matter between the Parties. This Agreement may be executed in counterparts including by electronic signatures whether by fax machine or by email.

**Overhead Door Corporation**

By: _____(signature)_____

Name: Jana McGowen

Title: Senior Counsel

Date: 10-9-17

**Overhead Garage Door LLC**

By: _____(signature)_____

Name: BRET A. WESTBROOK

Title: CEO

Date: 5 OCT 17