# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| OGD EQUIPMENT CO. d/b/a<br>OVERHEAD GARAGE DOOR, LLC, | § <br> § <br> § | |
| **Plaintiff,** | § <br> § | |
| **v.** | § <br> § | Case No. 4:17-cv-0898-ALM-KPJ |
| OVERHEAD DOOR CORPORATION, *et al.*, | § <br> § | |
| **Defendants.** | § <br> § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 15, 2019, the report of the Magistrate Judge (the "Report") (Dkt. #80) was entered, containing proposed findings of fact and recommendations that the following motions be granted in part and denied in part:

1) Defendant Overhead Door Corporation's ("Overhead") Rule 12(b)(1) and 12(b)(6) Motion to Dismiss Counts I-IV, and the Trademark-Related Claims in Counts V-VI and VIII, of Plaintiff's First Amended Complaint ("Overhead's Motion to Dismiss") (Dkt. #51); and

2) Defendant Overhead Door Company of Lubbock's ("Overhead-Lubbock") Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Subject Matter Jurisdiction 12(b)(1), Failure to State a Claim Upon Which Relief Can be Granted 12(b)(6), and for Judgment on the Pleadings 12(c) ("Overhead-Lubbock's Motion to Dismiss") (Dkt. 55).

Hereinafter, Overhead and Overhead-Lubbock shall be referred to collectively as "Defendants," and the above-referenced motions will be referred to collectively as the "Motions

to Dismiss." Defendants filed objections to the Report (the "Objections") (Dkts. 85, 87)[1]. The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I.   BACKGROUND

Plaintiff OGD Equipment Company d/b/a Overhead Garage Door, LLC ("OGD") is a Texas company, in the business of residential and commercial door repair and installation. *See* Dkt. #43 at 3. Defendant Overhead is a national manufacturer, marketer, and distributor of residential and commercial overhead doors. *See id*. at 4. Defendant Overhead-Lubbock is a regional distributor for Overhead, based in Lubbock, Texas. *See id*.

OGD brings claims for: (Count I) violation of the Sherman Act, 15 U.S.C. § 2; (Count II) unfair competition under the Lanham Act, 15 U.S.C § 1125(a); (Count III) unfair competition under Texas common law. *See* Dkt. #43 at 25–29. OGD also seeks declaratory relief stating the following: (Count IV) OGD does not infringe under 15 U.S.C. § 1114; (Count V) OGD does not unfairly compete under 15 U.S.C. § 1125(a); (Count VI) Overhead's trademark and trade name is invalid and/or unenforceable as used by Overhead; (Count VII) Overhead-Lubbock has no trademark and/or trade name rights[2]; and (Count VIII) OGD has not violated state trademark and unfair competition laws. *See id*. at 30–34.

The Report recommended OGD's Sherman Act claim against Overhead and Overhead-Lubbock be dismissed. *See* Dkt. #80 at 27. The Report further recommended dismissal of

---

[1] Overhead-Lubbock filed a motion requesting to join in the objections filed by Overhead (*see* Dkt. # 86), which was subsequently granted (*see* Dkt. #90). Accordingly, the Court treats the Objections filed by Overhead as the Objections of Defendants jointly.
[2] OGD subsequently filed a Second Amended Complaint in which OGD dropped Count VII. *See* Dkt. #81.

OGD's Count VII, which seeks declaratory relief regarding Overhead-Lubbock's trademark and/or trade name rights. *See id*. at 28. The Report recommended the Motions to Dismiss be denied as to all remaining claims. *See id*. OGD filed no objections to the Report. No objections were filed to the Report's recommendation to dismiss Count VII, regarding Overhead-Lubbock's trademark and/or trade name rights. No objections were filed to the Report's recommendation to dismiss OGD's Sherman Act claims as pled; however, Defendants' Objections argue OGD should not have been granted leave to amend its Sherman Act claim.[3] *See* Dkt. #85; Dkt. #87. Defendants further object to the Report's recommendation to deny the Motions to Dismiss as to OGD's claims for unfair competition under the Lanham Act, unfair competition under Texas state law, and the remaining declaratory judgment actions regarding Overhead's trademark rights.[4] *See* Dkt. #87.

## II.  DISCUSSION

Defendants argue: (1) OGD's requests for declaratory judgment should be dismissed because there is no justiciable issue as to the status of Overhead Door's trademarks; (2) OGD's unfair competition claim should be dismissed because OGD alleged no acts which give rise to a claim for unfair competition; and (3) OGD should not have been granted leave to amend its Sherman Act claim. *See* Dkt. #85; Dkt. #87.

---

[3] On July 15, 2019, the Magistrate Judge held a telephonic hearing, at which time OGD orally moved to amend its Amended Complaint. *See* Dkt. #77. The oral motion was granted in part and denied in part, and OGD was granted leave to amend its antitrust claim, limited to the Lubbock geographic market. *See* Dkt. #78. Defendants subsequently filed objections to the Magistrate Judge's Order. *See* Dkt. #91. The objections were overruled and the Order was affirmed. *See* Dkt. #97. OGD filed a Second Amended Complaint, in which the antitrust claim was amended. *See* Dkt. #81. Thereafter, Defendants filed a Supplemental Motion to Dismiss addressing the merits of OGD's amended antitrust claims, which remains pending before the Court. *See* Dkt. #82.

[4] Overhead-Lubbock further asserted the Court should have dismissed Counts IV-VI and VIII as to Overhead-Lubbock. *See* Dkt. #85. However, as the Magistrate Judge found, OGD does not assert these requests for declaratory judgment against Overhead-Lubbock. Accordingly, this objection is overruled.

Defendants argue OGD's claims for declaratory judgment pursuant to the trademark rights of the parties should be dismissed. *See* Dkt. #87 at 2. Defendants' Objections challenge the Magistrate Judge's findings and conclusions that there is a justiciable controversy regarding the trademark rights belonging to Overhead. *See* Dkt. #87 at 3. Defendants argue that this is an "overreading" of the cease-and-desist letters directed to OGD by Overhead. *See id*. The Court disagrees. As the Magistrate Judge found, the cease-and-desist letters sent by Overhead to OGD clearly raise the issue of trademark infringement. *See* Dkt. #43-9 at 3–5. The Court agrees with the Magistrate Judge's findings that the letters are not so clear or narrow as Defendants assert. To the contrary, the cease-and-desist letters assert the right to use the terms "overhead" and "overhead door" as both a trade name and mark, and attach Overhead's trademark registration; thus, the Court agrees with the Magistrate Judge's finding that there is a justiciable controversy between the parties regarding Overhead's trademark, as well as trade name. *See id*. at 3–5, 10. Accordingly, the Court finds no error in the Magistrate Judge's recommendation not to dismiss Counts IV, V, VI, or VIII.

Defendants further argue the Magistrate Judge erred by recommending Defendants' Motions to Dismiss OGD's claim for unfair competition be denied because the Amended Complaint uses "shotgun pleadings" to describe the allegations. *See* Dkt. #85 at 4; Dkt. #87 at 4. As the Report states, "OGD supports its allegations with specific communications by Defendants in online advertising and marketing and the creation and posting of a specific blog entry by Overhead-Lubbock." *See* Dkt. #80 at 22 (citing Dkt. #43 at 22). At this stage of proceedings, where the parties have conducted only limited discovery, the Court agrees with the Report's findings that OGD's pleadings are sufficiently definite to state a claim for relief against each Defendant.

Defendants also argue that the Report erred by finding OGD pled facts which support OGD's unfair competition claim because the Amended Complaint does not allege acts by Defendants which would attempt to confuse consumers. *See* Dkt. #85 at 4; Dkt. #87 at 4. Upon review, the Court agrees with the Magistrate Judge's conclusion that OGD has sufficiently alleged its claim for unfair competition to survive the Motions to Dismiss. *See* Dkt. #80. The allegations in the Amended Complaint set forth a variety of conduct to support OGD's claim for unfair competition, ranging from Defendants' mischaracterization of OGD's location, affiliations, and reputation, to Defendants' driving consumer confusion about the source of the parties' products, services, or businesses. *See, for example,* Dkt. #43 at 28–29. Moreover, the Amended Complaint alleges that Defendants' communications to consumers represent that Defendants have the exclusive right to use the terms "overhead" and "overhead door" in connection with the distribution and retail sale of overhead garage doors. *See id*. at 24. As the Magistrate Judge concluded, the "parties claim contradictory rights to use the Trade Names to describe their companies, products, and services." *See* Dkt. #80 at 16. Therefore, the Court finds no error in the Report's recommendation that the Motions to Dismiss OGD's unfair competition claims under the Lanham Act and Texas law be denied. At this stage of proceedings, the Court declines to wade into the allegations to determine the likelihood of whether consumers were confused by these acts. *See* Dkt. #87 at 5. Accordingly, this objection is overruled.

Finally, Defendants argue the Magistrate Judge erred by granting OGD leave to amend the Sherman Act Claim. As previously addressed in the Court's Order (Dkt. #97) regarding Defendants' Docket #91, the Court finds the Order (Dkt. #78) granting OGD's Motion for Leave to Amend is not clearly erroneous. As such, this objection is overruled.

### III.   CONCLUSION

Based on the foregoing, Defendant Overhead Door Corporation's Motion to Dismiss (Dkt. #51) is **GRANTED IN PART** and **DENIED IN PART**. OGD's Sherman Act claim (Count I), as asserted in the Amended Complaint (Dkt. #43), is dismissed. *See* Dkts. #77, #78, #80. All other claims asserted against Defendant Overhead Door Corporation (Counts II, III, IV, V, VI, and VIII) remain.

Defendant Overhead Door Company of Lubbock, Inc.'s Motion to Dismiss (Dkt. #55) is **GRANTED IN PART** and **DENIED IN PART**. OGD's declaratory judgment claim regarding Overhead-Lubbock's trademark and/or trade name rights (Count VII) is dismissed. OGD's Sherman Act claim (Count I), as asserted in the Amended Complaint (Dkt. #43), is dismissed. *See* Dkts. #77, #78, #80. All other claims asserted against Overhead-Lubbock (Counts II and III) remain.

**IT IS SO ORDERED**.

 **SIGNED this 12th day of August, 2019.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE