# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| OGD EQUIPMENT CO. d/b/a<br>OVERHEAD GARAGE DOOR, LLC,<br><br>    **Plaintiff,**<br><br>v.<br><br>OVERHEAD DOOR CORPORATION, *et al.*,<br><br>    **Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:17-cv-0898-ALM-KPJ |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 7, 2019, the report of the Magistrate Judge (the "Report") (Dkt. #98) was entered, containing proposed findings of fact and recommending that Defendants Overhead Door Corporation ("Overhead") and Overhead Door Company of Lubbock, Inc.'s ("Overhead-Lubbock") (together, "Defendants") Supplemental Motion to Dismiss for Failure to State a Claim and for Exceeding the Court's Order Granting Leave to Amend (the "Supplemental Motion to Dismiss") (Dkt. #82) be denied.

Defendants filed objections to the Report (the "Objections") (Dkt. #115) and Plaintiff OGD Equipment Company d/b/a Overhead Garage Door, LLC ("OGD") filed a response to the Objections (Dkt. #130). The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts

the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I. BACKGROUND

OGD is a Texas company, in the business of residential and commercial door repair and installation. *See* Dkt. #43 at 3. Defendant Overhead is a national manufacturer, marketer, and distributor of residential and commercial overhead doors. *See id*. at 4. Defendant Overhead-Lubbock is a regional distributor for Overhead, based in Lubbock, Texas. *See id*.

On July 12, 2019, OGD made an oral motion to amend its complaint, *see* Dkt. #77, which was subsequently granted by the Magistrate Judge on the condition that any amendment be limited to OGD's antitrust claim, within the geographic market of Lubbock, Texas. *See* Dkt. #78. OGD was not permitted to amend additional claims. *See id*. Defendants objected to the Magistrate Judge's Order, *see* Dkt. #91, and the objections were overruled. *See* Dkt. #97. Accordingly, OGD filed an Amended Complaint (Dkt. #81). Thereafter, Defendants filed the Supplemental Motion to Dismiss (Dkt. #82), OGD filed a response (Dkt. #83), Defendants filed a reply (Dkt. #84), and OGD filed a sur-reply (Dkt. #89). As all other claims were addressed in the previous Motions to Dismiss (Dkts. #51, #55), the Supplemental Motion to Dismiss addresses only OGD's Sherman Act claim. *See* Dkt. #82. The Report recommends the Supplemental Motion to Dismiss be denied. *See* Dkt. #80 at 27. Defendants filed Objections (Dkt. #115). OGD filed no objections to the Report.

## II. DISCUSSION

Defendants argue the Report erred and OGD's antitrust claim must be dismissed because: (1) OGD's amended antitrust claim exceeds the scope of the amendment allowed

2

pursuant to the July 15, 2019, Order; and (2) OGD's market definition is implausible. *See* Dkt. #115.

First, Defendants object to the Report on the basis that OGD's amendment exceeds the amendment allowed by the July 15, 2019, Order. *See* Dkt. #115 at 4. Having compared the Order (Dkt. #78), the Second Amended Complaint (Dkt. #81), and the First Amended Complaint (Dkt. #43), the Court finds the amendments to OGD's Sherman Act claim comply with the Order, as all amendments addressed in the Supplemental Motion to Dismiss and Objections relate to OGD's antitrust claim, defining a geographic market around Lubbock, Texas. As such, this objection is **OVERRULED**.

Second, Defendants argue the Report erred because OGD's geographic market definition is implausible. *See* Dkt. #115 at 2. As a prerequisite for filing an antitrust claim, a plaintiff must define the relevant geographic market by the "area of effective competition." *See Wampler v. Sw Bell Tel. Co.*, 597 F.3d 741, 744 (5th Cir. 2010). "This is an area in which the seller operates and to which buyers can practicably turn for supplies." *Id*. Defendants argue that OGD fails to adequately define the market based on the customer's ability to purchase substitute services.[1] *See* Dkt. #115 at 2–3. OGD alleges: (1) customers in the geographic market use online search terms, including the word "Lubbock," in their hunt for overhead doors, thereby limiting the relevant market; (2) customers looking for overhead doors are seeking a fast installation, and that due to transportation, wait time, and the size and weight of shipments, customers in the Lubbock Market cannot be effectively served by sellers outside the geographic market. *See* Dkt. #81 at 26–29. Accepting all well-pleaded facts contained in the Second Amended Complaint as

---

[1] The Court notes that at the time of filing the Second Amended Complaint, OGD had not yet received discovery regarding its antitrust claim. *See* Dkt. #79; Dkt. #100.

true, the Court agrees with the Report's finding that "OGD has satisfied its burden to define the relevant geographic market." *See* Dkt. #98 at 6. Further, the Court agrees with the Report's conclusion that whether "the Lubbock Market is not in fact the relevant market for overhead doors or [whether] consumers within the Lubbock Market can viably turn to suppliers outside the Lubbock market . . . [those questions are] a fact-intensive inquiry and therefore a matter for summary judgment—not a Rule 12(b)(6) motion." *See* Dkt. #98 at 6. Accordingly, this objection is **OVERRULED**.

### III. CONCLUSION

Based on the foregoing, Defendants Overhead Door Corporation and Overhead Door Company of Lubbock, Inc.'s Motion to Dismiss for Failure to State a Claim and for Exceeding the Court's Order Granting Leave to Amend (Dkt. #82) is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 8th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE