IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| OGD EQUIPMENT CO. d/b/a OVERHEAD GARAGE DOOR, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OVERHEAD DOOR CORPORATION and OVERHEAD DOOR COMPANY OF LUBBOCK, INC.,<br><br>Defendants. | § § § § § § § § § § § § § | Civil Action No.: 4:17-cv-00898-ALM-KPJ |

## MEMORANDUM OPINION AND ORDER

On October 24, 2019, counsel for OGD Equipment Co. ("OGD") contacted the Court regarding two discovery disputes between the parties. On October 25, 2019, the Court held a telephonic hearing regarding the discovery disputes (the "Hearing"). *See* Dkt. 182. During the Hearing, counsel for OGD argued that Defendants Overhead Door Corporation and Overhead Door Company of Lubbock, Inc.'s (collectively, "Defendants") privilege log was overbroad and deficient, as it contains thousands of entries with insufficient descriptions. *See id.* Conversely, Defendants argued OGD has not produced adequate discovery with regards to OGD's internet search terms data and emails from a certain personal email account. *See id.*

### I. BACKGROUND

This is the fourth telephonic hearing the Court has held to address discovery disputes in this case since July 2019. *See* Dkts. 76, 146, 164, 182. The Court has expended significant time and resources on this case over the course of almost two years since it was filed on December 29, 2017. *See* Dkt. 1. Pursuant to the Court's September 24, 2019, Order, all discovery was to be completed by October 25, 2019. *See* Dkt. 150. Further, this case is set for a Final Pretrial

Conference on December 6, 2019, and trial in January 2020. *See* Dkt. 96.

## II.     DEFICIENT PRIVILEGE LOG

During the Hearing, OGD's counsel asserted that Defendants' privilege log contained approximately 6,100 entries, around 4,500 of which OGD alleges only identify the document by type, date, and a claim of privilege. *See* Dkt. 182. While Defendants generally disputed this allegation, Defendants' counsel acknowledged they were still in the process of reviewing and supplementing the privilege log to bring it into full compliance with Federal Rule of Civil Procedure 26(b)(5), thereby admitting it was presently overbroad and deficient under the Federal Rules. *See id.*

Under Federal Rule of Civil Procedure 26(b)(5)(A), a party withholding information by claiming it is privileged or subject to protection as trial-preparation material must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). While the Rule does not "attempt to define for each case what information must be provided, . . . a privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to test the merits of the privilege claim." *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (quotations omitted). Continual failure to adhere to the Rules' prescription may result in "waiver of the privilege where a court finds that the failure results from unjustified delay, inexcusable conduct, or bad faith." *Id*.

At the Hearing, Defendants acknowledged their privilege log likely contains nonprivileged documents and needs additional information to comply with the Federal Rules. Therefore, as

2

detailed below, the Court orders the following:

- Defendants shall revise their privilege log such that it is fully compliant with Federal Rule of Civil Procedure 26(b)(5), and produce the revised log to OGD **by Friday, November 1, 2019, at 12:00 p.m**.

- Lead counsel for Defendants shall file an affidavit with the Court certifying that the revised privilege log complies with Federal Rule of Civil Procedure 26(b)(5), and that lead counsel has reviewed all documents listed on the revised privilege log and confirmed that all such documents are in fact privileged **by Friday, November 1, 2019, at 12:00 p.m**.

- Defendants shall produce any documents removed from the current privilege log **by Friday, November 1, 2019, at 5:00 p.m**.

- Defendants shall prepare a set of all privileged documents with all privileged language highlighted **by Monday, November 4, 2019, at 5:00 p.m.**

- OGD shall notify the Court of any remaining dispute regarding Defendants' revised privilege log **by Monday, November 4, 2019, at 5:00 p.m.**

### III. <u>DOCUMENT PRODUCTION</u>

During the Hearing, counsel for Overhead Door Corporation ("Overhead") claimed OGD has not produced all the documents regarding OGD's tracking of customer internet search terms. *See* Dkt. 182. Counsel further alleged that OGD has not produced OGD CEO Westbrook's emails from a personal email account. *See id*. In response to both of these claims, OGD's counsel asserted that it had not properly conferred with Defendants' counsel on these matters, as the parties had only exchanged emails the day before the Hearing.

Under the Federal Rules of Civil Procedure, a party seeking to compel discovery must

3

certify that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Moreover, under the Eastern District of Texas Local Rule CV-7, parties are further required to "meet and confer" as follows:

> **(h) "Meet and Confer" Requirement**. The "meet and confer" motions practice requirement imposed by this rule has two components, a substantive and a procedural component.
>
> For opposed motions, the substantive component requires, at a minimum, a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant. **In any discovery-related motion, the substantive component requires, at a minimum, a personal conference, by telephone or in person, between the lead attorney and any local counsel for the movant and the lead attorney and any local counsel for the non-movant.**
>
> **In the personal conference, the participants must give each other the opportunity to express his or her views concerning the disputes. The participants must also compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position**.
>
> **In discovery-related matters, the discussion shall consider, among other things: (1) whether and to what extent the requested material would be admissible in a trial or is reasonably calculated to lead to the discovery of admissible evidence; (2) the burden and costs imposed on the responding party; (3) the possibility of cost-shifting or sharing; and (4) the expectations of the court in ensuring that parties fully cooperate in discovery of relevant information**.
>
> Except as otherwise provided by this rule, **a request for court intervention is not appropriate until the participants have met and conferred, in good faith, and concluded, in good faith, that the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve. Good faith requires honesty in one's purpose to discuss meaningfully the dispute, freedom from intention to defraud or abuse the discovery process and faithfulness to one's obligation to secure information without court intervention. For opposed motions, correspondence, e-mails, and facsimile transmissions do not constitute compliance with the substantive component and are not evidence of good faith**. Such materials, however, may be used to show bad faith of the author.
>
> **An unreasonable failure to meet and confer violates Local Rule AT-3**

> **and is grounds for disciplinary action. A party may file an opposed motion without the required conference only when the non-movant has acted in bad faith by failing to meet and confer**. The procedural requirement of the "meet and confer" rule is one of certification. It appears in Section (i) of this rule, entitled "Certificates of Conference."

Local Rule CV-7(h) (emphasis added).

Here, the parties came to the Court without first properly conferring regarding the disputes, much less attempting in good faith to resolve the disputes. As stated at the Hearing, the parties do not yet know if the documents Defendants are now complaining about are in OGD's possession or even exist at all. Without this information, it is impossible for the parties to know if an actual dispute exists. Only after the parties properly confer and attempt in good faith to resolve any dispute may the parties contact the Court regarding the disputes.

As discussed at the Hearing, because substantial judicial resources have already been expended on this case, in particular regarding discovery disputes and what appears to the Court to be stonewalling in the production of discovery, if the Court must decide another discovery dispute between the parties in this matter, the Court will direct the losing party to pay all costs associated with such dispute.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants shall revise their privilege log such that it is fully compliant with Federal Rule of Civil Procedure 26(b)(5), and produce the revised log to OGD **by Friday, November 1, 2019, at 12:00 p.m**.

**IT IS FURTHER ORDERED** that lead counsel for Defendants shall file an affidavit with the Court certifying that the revised privilege log complies with Federal Rule of Civil Procedure 26(b)(5), and that lead counsel has reviewed all documents listed on the revised privilege log and confirmed that all such documents are in fact privileged **by Friday, November 1, 2019, at 12:00**

**p.m**.

**IT IS FURTHER ORDERED** that Defendants shall produce any documents removed from the current privilege log **by Friday, November 1, 2019, at 5:00 p.m**.

**IT IS FURTHER ORDERED** that Defendants shall prepare a set of all privileged documents with all privileged language highlighted **by Monday, November 4, 2019, at 5:00 p.m.**

**IT IS FURTHER ORDERED** that OGD shall notify the Court of any remaining dispute regarding Defendants' revised privilege log **by Monday, November 4, 2019, at 5:00 p.m.**

**IT IS FURTHER ORDERED** that counsel shall properly confer, and attempt in good faith to resolve, any remaining disputes regarding the production of documents.

**So ORDERED and SIGNED this 25th day of October, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE