**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **OGD EQUIPMENT CO. d/b/a OVERHEAD GARAGE DOOR, LLC,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No.: 4:17-cv-00898-ALM-KPJ** |
| **OVERHEAD DOOR CORPORATION and OVERHEAD DOOR COMPANY OF LUBBOCK, INC.,** | § § § § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER**

On October 25, 2019, the Court issued an Order regarding Defendant Overhead Door Corporation's ("Overhead") privilege log after holding a telephonic hearing with the parties (the "Hearing"). *See* Dkt. 184. On October 28, 2019, Defendant Overhead filed its Motion to Reconsider, and Objection to, the Magistrate Judge's Memorandum Opinion and Order Regarding Privilege Logs ("Motion to Reconsider") (Dkts. 195). On October 30, 2019, Overhead filed an Amended Motion to Reconsider (Dkt. 198). The Court has reviewed the Motions to Reconsider and hereby issues this Order to clarify the October 25, 2019, Order.

## I.        BACKGROUND

The Hearing was the fourth telephonic hearing the Court has held to address discovery disputes in this case since July 2019. *See* Dkts. 76, 146, 164, 182. Since the Court does not allow parties in any case to file motions to compel without leave, the Court allows parties to address their positions on discovery matters during telephonic hearings. *See* Dkt. 74. Only if the Court feels that written briefing is required to resolve the dispute may parties file any motions or briefing addressing discovery matters. *See id*. Despite knowing this procedure—and using it to address

numerous discovery disputes in this Court—Overhead argues in the Motion to Reconsider that the Court entered the Order "without any motion, briefing, or evidence." Dkt. 198 at 1.

As noted in the Court's October 25, 2019, Order, the Court has expended significant time and resources on this case over the course of almost two years since it was filed on December 29, 2017. *See* Dkt. 1. Pursuant to the Court's September 24, 2019, Order, all discovery was to be completed by October 25, 2019. *See* Dkt. 150. Further, this case is set for a Final Pretrial Conference on December 6, 2019, and trial in January 2020. *See* Dkt. 96.

## II.    DEFICIENT PRIVILEGE LOG

At the Hearing, Overhead's counsel acknowledged their privilege log contains nonprivileged documents and needs additional information to comply with the Federal Rules. Overhead cannot on one hand refuse to participate in meaningful discovery (*See e.g.*, Dkts. 166, 170) and then complain when it is put to proof by the Court on its admittedly overbroad designation of privileged materials in efforts to further delay discovery, the resolution of pending motions, and preparation for trial. Therefore, as detailed below, the Court orders the following:

- Defendants shall revise their privilege log such that it is fully compliant with Federal Rule of Civil Procedure 26(b)(5), and produce the revised log to OGD **by Friday, November 1, 2019, at 12:00 p.m**. While Overhead argues that it served its privilege log in a timely fashion, Overhead admits that when a privilege log is inadequate—as is the case here—an appropriate remedy is to require a supplemental privilege log. *See* Dkt. 198 at 4. As OGD is required to respond to Defendants' Motion for Partial Summary Judgment (Dkt. 104) by November 6, 2019,[1] the deadline set by the Court to provide an updated privilege is necessary so that all relevant nonprivileged documents

---

[1] This response deadline was extended multiple times, with this final deadline resulting from OGD's Request for Rule 56(d) relief. *See* Dkts. 123, 146, 150, 170.

are exchanged before OGD must respond. *See* Dkt. 150. If Overhead needs an extension of time to revise its privilege log, Overhead may file a motion proposing a later but reasonable extension of time to do so.

- Lead counsel for Overhead shall file an affidavit with the Court certifying that the revised privilege log complies with Federal Rule of Civil Procedure 26(b)(5), and that lead counsel has assured himself that all documents listed on the revised privilege log are in fact privileged and can attest to the Court that all such documents are privileged **by Friday, November 1, 2019, at 12:00 p.m.**[2] This affidavit is to ensure to the Court that lead counsel is involved in the designation of privilege and has a good faith basis for such designation. As stated in Eastern District of Texas Local Rule CV-11(a), lead counsel is "responsible in that action for the party." Local Rule CV-11(a)(2). The pattern of delay by Defendants on discovery matters has occasioned this requirement to expedite this matter toward trial and to narrow any basis for disputes. If Overhead needs an extension to revise its privilege log and prepare this affidavit, Overhead may file a motion proposing a later but reasonable extension of time to do so.

- Defendants shall produce any documents removed from the current privilege log **by Friday, November 1, 2019, at 5:00 p.m.** Overhead argues that "the mere fact that [Overhead] removes a document from a privilege log . . . should not amount to a waiver of any objection that [Overhead] maintains to the document's production (e.g. it is both irrelevant and privileged)." Dkt. 198 at 5. However, under the Federal Rules, parties are only required to list withheld materials with "information *otherwise discoverable*"

---

[2] Overhead argues that it had "neither notice nor an opportunity to be heard" on the October 25, 2019, Order's requirement that lead counsel file this affidavit. *See* Dkt. 198 at 3. However, the Court specifically advised counsel that it intended to order this affidavit at the Hearing, and no objection was voiced. *See* Dkt. 182.

on privilege logs. Fed. R. Civ. P. 26(b)(5) (emphasis added). Irrelevant documents do not fall within the scope of permissible discovery. *See id*. at 26(b)(1). If Overhead objects to the documents on a basis other than privilege or relevance, the Court will allow Overhead to maintain that objection. If Overhead needs an extension of time to produce removed documents, Overhead may file a motion proposing a later but reasonable extension of time to do so.

- Defendants shall prepare a set of all privileged documents listed on the revised privilege log with language that makes the document privileged highlighted **by Monday, November 4, 2019, at 5:00 p.m.** Overhead notes that requiring all privileged language to be highlighted could require counsel to highlight "nearly every page of . . . 25,000-plus printed pages." Dkt. 198 at 1. By Overhead's own admission at the hearing and in the Motion to Reconsider, the number of documents listed in the revised log will be substantially less than the more than 6,000 listed in its original deficient privilege log. *See* Dkts. 182, 198 at 2. The Court merely wants Overhead to have language highlighted which it could use to defend its privilege designation if it is challenged. This will allow the Court to quickly adjudicate any disputes of privilege as close to the discovery deadline as possible. If Overhead needs an extension of time to complete this set of privileged documents, Overhead may file a motion proposing a later but reasonable extension of time to do so.

- OGD shall notify the Court of any remaining dispute regarding Defendants' revised privilege log **by Monday, November 4, 2019, at 5:00 p.m.**

While Overhead argues that the Court is "imposing sanctions" on Overhead, this claim rings hollow. Overhead has continuously hindered the discovery process (*See e.g.*, Dkts. 166, 170),

and these measures allow the Court to timely and fairly resolve pretrial matters of discovery and claims of privilege. Given the circumstances and late hour of this case, the Court believes these measures are necessary for the management and preparation of the case, and any burden imposed on Overhead is not unfair or punitive.

**So ORDERED and SIGNED this 31st day of October, 2019.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE